UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FAIR HOUSING CENTER OF CENTRAL INDIANA, INC., et al. | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:18-cv-01098-JMS-DLP |
| MARSHALL WELTON, et al. | ) ) ) |
| Defendants. | ) |

# **ORDER**

This matter involves thirteen plaintiffs, eleven defendants, and widespread allegations of improper and discriminatory conduct in the marketing and selling of derelict homes on a "rent-to-own" basis. [*See generally* Filing No. 9.] Defendants counterclaim, alleging defamation and other state-law tort and contract claims. [Filing No. 32 at 33-52.] Pending before the Court are two summary judgment motions (one ripe and the other awaiting additional briefing) and a collateral motion for additional discovery to respond to summary judgment. [Filing No. 33; Filing No. 65; Filing No. 72.] This Order sets forth the Court's expectations for dispositive motions practice during the pendency of this matter. As explained below, the Court **GRANTS** Plaintiffs' Motion Pursuant to Fed. R. Civ. P. 56(d), [Filing No. 65]; **DENIES WITHOUT PREJUDICE** Defendants' Motion for Partial Summary Judgment, [Filing No. 33]; and **NOTIFIES** Plaintiffs that they may either withdraw their Anti-SLAPP summary judgment motion, [Filing No. 72], or may stand on their motion, but file no additional summary judgment motions in this case.

The first tandem of motions are fully briefed. On July 17, 2018, contemporaneous with their Answer, Defendants filed their Motion for Partial Summary Judgment, [Filing No. 33], arguing that they are entitled to judgment on four of the fourteen counts alleged in Plaintiffs'

Amended Complaint. Plaintiffs responded in opposition and also filed a Motion Pursuant to Rule 56(d), asking the Court to deny Defendants' Motion to allow Plaintiffs to conduct discovery on the issues raised in the summary judgment motion. [Filing No. 65.] In Defendants' response to Plaintiffs' Rule 56(d) Motion, Defendants concede that additional discovery would be appropriate as to two of the four claims on which they seek summary judgment. [Filing No. 81 at 3-5.] Defendants argue, however, that even if the Court were to permit additional discovery on those two claims, it should still nonetheless rule on the merits of the other two claims that do not (according to Defendants) require additional discovery. [Filing No. 81 at 5.]

Rule 56(d) permits a court to deny a motion for summary judgment or "issue any other appropriate order" where "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d)(1), (3). Plaintiffs' Motion Pursuant to Rule 56(d) is well taken in light of Defendants' concession that additional discovery is appropriate on two of the claims for which they seek summary judgment. But the Court will not indulge Defendants' request that it entertain piecemeal dispositive motions or rule on a motion for summary judgment on just two of the fourteen pending counts from Plaintiffs' Amended Complaint, especially given their representations that at least one additional summary judgment motion is already contemplated. [Filing No. 87 at 8 ("Defendants anticipate that discovery in this case may reveal grounds for additional motions for summary judgment . . . .").] The Court does not have the resources to rule on serial dispositive motions and declines to permit this litigation to proceed further in such a fashion. Rather, as set forth in the Court's Uniform Case Management Plain, the Court will require that all parties raise "all issues . . . in a single [summary judgment] motion." http://www.insd.uscourts.gov/sites/insd/files/Uniform%20CMP%20-%20Final%209-7-18.pdf, at 7. The single-motion requirement furthers

the important purposes of "streamlin[ing] dispositive motions practice" and "encourag[ing] litigants to scrutinize their cases in determining which issues to raise in dispositive motions." *Shanehsaz v. Johnson*, 2017 WL 2901213, at *1 (S.D. Ind. 2017).

The Court therefore **GRANTS** Plaintiffs' Motion Pursuant to Rule 56(d), [65], and **DENIES** Defendants' Motion for Partial Summary Judgment, [33], **WITHOUT PREJUDICE** to raising their arguments as part of a single summary judgment motion at the appropriate stage of the proceedings. Consistent with the foregoing, the Court **NOTIFIES** Plaintiffs that they may withdraw their not-yet-ripe Anti-SLAPP summary judgment motion, [72], and include the same arguments in a later, consolidated dispositive motion, or may stand on their filing and permit it to proceed to resolution. But Plaintiffs, like Defendants, will be entitled to just one summary judgment motion in this lawsuit.

The Court **ORDERS** Plaintiffs to notify the Court whether they intend to withdraw their summary judgment motion on or before **October 10, 2018**. Should Plaintiffs elect to proceed with their currently-pending Motion, Defendants shall have **eight days** to file their response brief from the date Plaintiffs file the appropriate notice. Should Plaintiffs elect to withdraw their Motion, then dispositive motions briefing shall proceed on the following four-brief schedule: Defendants shall file any dispositive motion on or before **June 3, 2019**. Plaintiffs shall respond and include any cross-dispositive motion on or before **July 3, 2019**. Defendants shall respond to Plaintiffs' cross-dispositive motion and include any reply in support of Defendants' dispositive motion on or before **August 2, 2019**. Plaintiffs shall file any reply in support of their cross-dispositive motion on or before **August 16, 2019**.

Finally, the Clerk is directed to update the docket to reflect *pro se* Plaintiff Isaac Perez's last known address, as shown in the distribution below.

Date: 10/3/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**

**Distribution via U.S. Mail to:**

Isaac Perez
1735 North Rochester Ave.
Indianapolis, IN 46222